STALEY FARMS, INC., Appellant,

v.

**Vernon RUETER and Dorothy Ann Rueter, Appellees.**

No. 81–1098.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1981.

Decided Nov. 2, 1981.

G. A. Cady, III, argued, Hobson, Cady & Drew, Hampton, Iowa, for Staley Farms, Inc.

Gary L. McMinimee, argued, Wunschel, Eich & McMinimee, P. C., Carroll, Iowa, for Vernon Rueter, et al.

---

Before STEPHENSON and McMILLI-AN, Circuit Judges, and LARSON,* Senior District Judge.

STEPHENSON, Circuit Judge.

The appellant-plaintiff challenges chapter 656, Iowa Code, on the grounds that it is a violation of due process. The district court [1] granted summary judgment in favor of the defendants-appellees concluding that the protections of due process were not applicable because chapter 656 did not constitute state action.

Chapter 656 covers the forfeiture of real estate contracts. It provides that forfeiture will not be permitted unless the proper procedure is followed. This procedure requires service of notice of forfeiture on the buyer and the person in possession. This notice must identify the contract, describe the real estate and specify those terms and conditions of the contract that have been breached. If the buyer complies with the specified terms of the contract and pays the reasonable cost of the notice within thirty days, forfeiture is not allowed. If the buyer does not comply with the forfeiture notice within the specified time, the seller is entitled to file with the recorder's office the notice of forfeiture, together with the proof of service, that will serve as constructive notice of forfeiture and cancellation of the contract. Iowa Code § 656.1 et seq. (1981).

In February 1978, plaintiff Staley Farms, Inc. purchased certain real estate in Howard County, Iowa, from defendants Vernon and Dorothy Rueter. On or about August 26, 1980, the defendants served notice of forfeiture upon the plaintiff pursuant to chapter 656. On October 1, 1980, the defendants filed for record the notice of forfeiture, along with proof of service. Staley Farms maintains that due process requires a hearing prior to forfeiture. In support of its contention that the statute amounts to state action, the appellant argues first that the statute encourages or creates an atmosphere in which private citizens deprive oth-

ers of constitutional rights. It relies on *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Reitman v. Mulkey*, 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967). Secondly, the appellant asserts that the state has delegated a traditionally public function to private interests. *See, e. g., Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974).

These two doctrines were applied by the United States Supreme Court in *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). In *Flagg Bros.*, the Court held that a warehouseman's proposed sale of stored goods, enforcing a lien under state law to pay for storage charges, did not constitute state action and thus did not require a hearing. The Court noted that the applicable statute was not the exclusive method to resolve the private dispute and thus was distinguishable from the "public function" line of cases. *Id.* at 159–61, 98 S.Ct. at 1735–36. The Court also observed that the statute permitted, but did not compel, the sale of the stored goods. *Id.* at 164–66, 98 S.Ct. at 1737–39. The Court relies on this factor to conclude that the state had not "encouraged" the sale.

Both these observations are appropriate here. Certainly other avenues of relief are available to the plaintiff. In fact, during oral argument counsel for the plaintiff stated that a state action was pending concerning whether Staley Farms was in default.

Justice Rehnquist, speaking for the Court in *Flagg Bros.*, distinguished a line of cases striking down summary self-help remedies for creditors on the basis that the statute in question required no overt official involvement. *Compare North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), *and Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), *with Flagg Bros., Inc. v. Brooks, supra*, 436 U.S. at 156–57, 98 S.Ct.

---

* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

at 1733–34. Similarly, there is no overt official involvement required under chapter 656.

Further, the Iowa Supreme Court has previously considered the specific issue raised in this case. *See Jensen v. Schreck,* 275 N.W.2d 374 (Iowa 1979). In *Jensen,* the Iowa court held that there was no state action in procedures conducted pursuant to chapter 656 sufficient to raise issues of due process. *Id.* at 384–86. The court also observed that chapter 656, rather than being unfavorable to the buyer, was instead intended to limit the rights of a seller who might otherwise summarily remove a buyer upon default. *Id.*

We conclude that the statute does not amount to state action and, therefore, the Due Process Clause of the Fourteenth Amendment is inapplicable.

Affirmed.